IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA A. MONTEVERDE, | : | CIVIL ACTION NO.: 02-cv-4214 |
| *Plaintiff*, | : | |
| vs. | : | |
| PPL ELECTRIC UTILITIES CORPORATION, | : | |
| *Defendant*. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER OF DISMISSAL ENTERED PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 41.1(b).**

**INTRODUCTION:**

On October 30, 2002, this Court entered an Order pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure, dismissing this action upon having received notification that the matter had been settled between the parties.

The Plaintiff, Maria Monteverde, now moves for this Court to vacate its Rule 41.1(b) Order, thereby reactivating the case upon the following showing of good cause.

**LEGAL ARGUMENT**:

Pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure, a party may seek to vacate, modify or strike such an Order with a showing of good cause as to why the Order should be set aside or modified. Wyndmoor Learning Center v. City of Wilmington, 1996 WL 117771 *7 EDPA, (March 12, 1996). Because good cause can be demonstrated by the instant Plaintiff, the Court's prior Order should rightfully be vacated.

-1-

Pursuant to the terms of the settlement agreement, the Plaintiff was afforded the opportunity in accordance with the mandates of the Older Workers Benefit Protection Act to revoke the Agreement within seven (7) days of the date of her execution by sending such notice of revocation, by hand delivery to the Defendant's counsel located in Allentown, Pennsylvania. Accordingly, the Agreement was not binding upon the Plaintiff until the expiration of the seven (7) day revocation period.

On December 2, 2002, within the revocation time frame, Plaintiff's counsel hand delivered a letter to Andrew K. Williams, Esquire in Allentown, Pennsylvania, giving notice of the Plaintiff's notice to formerly revoke her decision to settle the above-referenced matter.

Thus, in accordance with public policy and the rights afforded to the Plaintiff under the Older Workers' Benefits Protection Act, the Settlement Agreement was lawfully revoked. (See Exhibit "B").

Having demonstrated that good cause exists to vacate this Court's prior Oder issued under Rule 41.1 (b), the instant Plaintiff requests that this action be reopened to further prosecution to its proper conclusion.

        LOVITZ & GOLD, P.C.

        BY:_____
           SIDNEY L. GOLD, ESQUIRE
           Attorney I.D. No. 21374
           KEVIN I. LOVITZ, ESQUIRE
           Attorney I.D. No. 70184
           515 Eleven Penn Center
           1835 Market Street
           Philadelphia, PA 19103
           (215) 569-1999
           Attorneys for Plaintiff